**\*\* E-filed April 29, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANYA VELO; and B.V. and P.V., minors, by and through their GUARDIAN AD LITEM, TANYA VELO,<br><br>   Plaintiffs,<br>   v.<br><br>CAMBRIAN PROPERTIES, LLC, dba BALMORAL LUXURY APARTMENTS, dba BALMORAL LUXURY HOMES,<br><br>   Defendants._____ / | No. C11-01443 HRL<br><br>**ORDER APPOINTING TANYA VELO AS GUARDIAN AD LITEM OF MINOR CHILDREN**<br><br>**[Re: Docket No. 3]** |

**BACKGROUND**

Plaintiff Tanya Velo ("Velo") filed suit against Cambrian Properties, LLC ("Cambrian"), owner of the Balmoral Luxery Apartments in Santa Clara, California, for violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq., and other state laws. Docket No. 1 ("Compl.") ¶¶ 36-45. Velo alleges that she and her two minor children, B.V. and P.V., who are also plaintiffs in this action, were denied housing in the Balmoral Luxury Apartments because of their familial status. Id. ¶ 7. Because the children are unable to bring suit themselves, Velo petitioned this Court for her appointment as guardian ad litem for them. Docket No. 3 ("Petition"). No opposition has been filed.

**LEGAL STANDARD**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue

1  another appropriate order - to protect a minor or incompetent person who is unrepresented in an
2  action."[1] FED. R. CIV. P. 17(c)(2).

3  An individual's capacity to sue is determined by the law of the individual's domicile. FED.
4  R. CIV. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam.
5  Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam.
6  Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the
7  litigation. Cal. Code Civ. P. § 372(a). In making the determination concerning the appointment of a
8  particular guardian ad litem, the court shall consider whether the minor and the guardian have
9  divergent interests. Cal. Code Civ. P. § 372(b)(1).

10  "'When there is a potential conflict between a perceived parental responsibility and an
11  obligation to assist the court in achieving a just and speedy determination of the action,' a court has
12  the right to select a guardian ad litem who is not a parent if that guardian would best protect the
13  child's interests." Williams v. Super. Ct., 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing
14  M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential
15  conflict of interest with his child, the parent has no right to control or influence the child's
16  litigation." Williams, 54 Cal. Rptr. 3d at 23.

## DISCUSSION

18  Velo's children, B.V. and P.V., were born in 2000 and 2007, respectively. Petition ¶ 1. Thus,
19  they are under the age of eighteen and are minors under California law. Cal. Fam. Code § 6502. As
20  minors, their ability to bring suit is contingent upon appointment by the court of a guardian ad litem.
21  Cal. Fam. Code § 6601. Velo may serve as their guardian ad litem so long as she does not have an
22  interest adverse to theirs.

23  Here, Velo alleges that she and her children were injured by Cambrian when it denied them
24  housing. The injuries allegedly suffered by each individual plaintiff are the same: they were denied

---

[1] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing T.W. v. Brophy, 954 F.Supp. 1306, 1309 (E.D. Wis.1996), aff'd, 124 F.3d 893, 896-97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." Anthem Life Ins. Co., 2007 WL 1390672, at *2 (citing Gonzalez v. Reno, 212 F.3d 1338, 1352 (11th Cir. 2000)).

housing in violation of their civil rights. See Compl. ¶ 32. Because they complain of the same injury and seek the same remedy, their interests in this action are aligned and not in conflict. Therefore, Velo's appointment as guardian ad litem is proper. See Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); see also Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), aff'd 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."); see also Robidoux v. Wacker Family Trust, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), rev'd on other grounds by No. 09-16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

## CONCLUSION

Based on the foregoing, Velo's motion is GRANTED. The Court hereby appoints Velo as guardian ad litem for her minor children, B.V. and P.V., in this action.

**IT IS SO ORDERED.**

Dated: April 29, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-01443 HRL Notice will be electronically mailed to:**

Christopher Brancart    cbrancart@brancart.com, ebrancart@brancart.com, jdee@brancart.com
Liza Cristol-Deman    LCristolDeman@brancart.com, jdee@brancart.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**