1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN FRANCISCO DIVISION**

12

TANYA VELO and others,

Case No.  11-cv-01443 JSW

13

Plaintiffs,

**REPORT AND RECOMMENDATION TO GRANT MOTION TO SET ASIDE DEFAULT AND TO DENY MOTION FOR DEFAULT JUDGMENT**

14

v.

15

CAMBRIAN PROPERTIES, LLC,

Re: Dkt. Nos. 33, 38

16

Defendant.

17

18          Defendant Cambrian moves under Federal Rule of Civil Procedure 55(c) to set aside the

19    default entered against it by the clerk for lack of proper service.  Plaintiffs move for the entry of

20    default judgment against Cambrian under Federal Rule of Civil Procedure 55(b).  Because

21    Cambrian has provided evidence showing that service of process was defective, and in light of the

22    strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits,

23    the Court recommends that the District Court grant Cambrian's motion and set aside the default,

24    and that it deny plaintiffs' motion for default judgment.

25                                    **I. BACKGROUND**

26    **A.      Summary of Plaintiffs' Claims**

27          Plaintiffs bring this action against Cambrian for housing discrimination in violation of the

28    Fair Housing Act, the California Fair Employment and Housing Act, and related state laws.  Dkt.

Case No. 11-cv-01443 JSW
REPORT AND RECOMMENDATION

1
2
3
4
5

No. 12, Am. Compl. ¶ 1.  Cambrian is the owner of the Balmoral Luxury Apartments, which are located at 3585 Agate Drive in Santa Clara, California.  Am. Compl. ¶ 7.  Plaintiffs allege that Cambrian discriminated against them and other persons with minor children by discouraging them from renting an apartment in the Balmoral complex because of their familial status.  Am. Compl. ¶ 8.

6

**B.    Procedural History**

7
8
9
10
11
12
13
14
15

Plaintiffs filed their original complaint on March 25, 2011.  Dkt. No. 1, Compl.  Plaintiffs claim that, in April 2011, they attempted personal service on Walter Neal, Cambrian's registered agent for service of process, at (1) Cambrian's registered address on the California Secretary of State's website, which is 770 Chestnut Street in San Jose, California; (2) a place that plaintiffs believed was Walter Neal's home in San Jose; and (3) the Balmoral apartment complex owned by Cambrian, which is located at 3585 Agate Drive in Santa Clara, California.  Dkt. No. 7, Req. for Continuance.  Plaintiffs' repeated attempts to serve Cambrian at these locations were unsuccessful, so plaintiffs sent a request to waive service to Cambrian at its registered address at 770 Chestnut in San Jose.  *Id.* at 2.  Cambrian did not respond to this request for waiver.

16
17
18
19

Plaintiffs filed proof of service of process with respect to Cambrian on July 5, 2011.  Dkt. No. 11, Proof of Service.  This filing shows that plaintiffs' process server served process on Cambrian by leaving copies of the complaint and the summons with Minerva Garcia, a person working at the Balmoral apartments owned by Cambrian at 3585 Agate in San Jose.  *Id.*

20
21
22
23

Plaintiffs filed an amended complaint on July 13, 2011, and served a copy of the amended complaint via email to Living@Balmoral-Apts.com and via mail to Walter Neal, Cambrian's registered agent for service of process, at the Balmoral complex at 3585 Agate Drive in Santa Clara.  Am. Compl. at 13-14.  Cambrian did not file a response to the amended complaint.

24
25
26
27
28

Plaintiffs filed proof of service of process with respect to Cambrian for a second time on October 26, 2011.  Dkt. No. 28, Proof of Service.  This filing shows that plaintiffs left copies of the amended complaint, the summons, the clerk's entry of default, and various other documents with Dale Phelps at Cambrian's registered address for service of process at 770 Chestnut in San Jose.

1     The clerk entered default as to Cambrian on November 29, 2011.  Dkt. No. 32.

2     **C.      The Motions at Issue**

3            Plaintiffs filed a motion for default judgment on November 22, 2011.  Dkt. No. 33.

4            On February 22, 2012, Cambrian filed a motion to set aside the default entered against it

5     by the clerk.  Dkt. No. 38.  Cambrian argues that the entry of default should be set aside for lack

6     of proper service, as Walter Neal, its registered agent for service of process, was never served

7     with plaintiffs' original or amended complaints.  Dkt. No. 38, Cambrian's Mot., Attach. 2, Neal

8     Decl. ¶¶ 1, 4.  Cambrian claims that its principal office is located in an office complex at 770

9     Chestnut Street in San Jose California, which is registered with the California Secretary of State.

10    The office complex at 770 Chestnut is comprised of eight different structures, each containing

11    various offices occupied by various, unrelated tenants.  Neal Decl. ¶ 3.   One of these unrelated

12    tenants is Dale Phelps, who is the owner of A&H Heating.  Dkt. No. 38, Cambrian's Mot.,

13    Attach. 7, Phelps Decl. ¶ 2.   Cambrian contends that plaintiffs' personal service on Phelps is

14    inadequate because neither Phelps nor A&H Heating is affiliated with Cambrian.  Neal Decl. ¶ 7.

15           In a declaration in support of Cambrian's motion, Phelps claims that A&H's office is

16    located in one of the structures at 770 Chestnut and that no other tenant occupies this office.

17    Phelps Decl. ¶ 3.  Phelps further claims that a process server came into A&H's office on October

18    21, 2011, and asked for Walter Neal.  When Phelps told the server that Neal did not work in that

19    office, the server allegedly threw some papers on Phelps' desk, told him "you've been served,"

20    and quickly exited the office.  Phelps Decl. ¶¶ 5-6.  Phelps attempted to return the documents to

21    the server, but the server let the documents fall to the ground and left.  Phelps Decl. ¶¶ 7-8.

22    Phelps claims that the process server never asked him where Cambrian's office was located.

23    Phelps Decl. ¶ 9.  The process server returned to A&H's office on November 1, 2011, and

24    allegedly served the same documents on A&H's service manager.  Phelps Decl. ¶¶ 10.  Neither

25    A&H's service manager nor Phelps attempted to give these documents to Cambrian or Walter

26    Neal.  Phelps Decl. ¶ 11.

27           Cambrian's counsel claims that she spoke with plaintiffs' counsel on January 31, 2012,

28    and proposed a stipulation to set aside the entry of default against Cambrian in exchange for

Case No. 11-cv-01443 JSW
REPORT AND RECOMMENDATION                          3

1  accepting service on behalf of Cambrian.  Dkt. No. 38, Cambrian's Mot., Attach. 8, Woelfel Decl.

2  ¶ 2.  During that conversation, Cambrian's counsel allegedly explained to plaintiffs' counsel that

3  that plaintiffs had never properly served Cambrian.  Woelfel Decl. ¶ 3.  Plaintiffs' counsel

4  allegedly declined the proposed stipulation.  Woelfel Decl. ¶ 4.

5       Plaintiffs oppose Cambrian's motion, arguing that Cambrian provided an incomplete

6  address to the Secretary of State and "evaded service by making its corporate offices invisible to

7  members of the public."  Dkt. No. 41, Pls.' Opp. at 2.  Plaintiffs claim that they properly served

8  Cambrian at two addresses, including the one listed with the California Secretary of State, and

9  that Cambrian had actual notice of the original and amended complaints before default was

10  entered.  *Id.* at 1.

11  ## II. STANDARD OF REVIEW

12       "Whenever it is reasonably possible, cases should be decided upon their merits."  *Pena v.*

13  *Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).  The court may set aside an entry

14  of default for "good cause."  FED. R. CIV. P. 55(c).  The determination of whether good cause

15  exists for setting aside an entry of default is within the discretion of the court, and such discretion

16  is "especially broad."  *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir.

17  1986).  When considering a motion to set aside an entry of default, a court may consider the

18  grounds for relief from a final judgment under Federal Rule of Civil Procedure 60(b), which

19  include a finding that the judgment entered is void.  *Hawaii Carpenters' Trust Funds v. Stone*,

20  794 F.2d 508, 513 (9th Cir. 1986).  "These Rule 60(b) grounds are liberally interpreted when used

21  on a motion for relief from an entry of default."  *Id.*

22       A default entered against a defendant who was not properly served under Federal Rule of

23  Civil Procedure 4 is void, because when a defendant is not served in accordance with Rule 4, the

24  court lacks personal jurisdiction over the defendant.  *See S.E.C. v. Internet Solutions for Business*

25  *Inc.*, 509 F.3d 1161, 1164-65 (9th Cir. 2007).  The burden of establishing that service was

26  inadequate is on the party moving to set aside the default.  *Id.*

27

28

**III. DISCUSSION**

A.     **Default Entered Against Cambrian Must be Set Aside as Void for Lack of Proper Service**

Cambrian argues that its failure to respond to the operative complaint was due to plaintiffs' improper personal service of process and was not done in bad faith. Cambrian's Mot. at 7. Plaintiffs respond that Cambrian's motion should be denied because they complied with California's service statutes by leaving a copy of the summons and operative complaint with Dale Phelps, the owner of A&H Heating. Pls.' Mot. at 3. Additionally, plaintiffs argue that Cambrian engaged in "culpable conduct" that led to the entry of default, because Cambrian received actual notice of this action but intentionally failed to respond. *Id.* at 7.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in any judicial district of the United States by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." California law allows a party to effect service on a corporation by serving the person designated as agent for service of process by "leaving a copy of the summons and complaint during usual office hours *in his or her office* or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, *with the person who is apparently in charge thereof*, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." CAL. CODE CIV. P. §§ 416.10(a), 415.20(a) (emphasis added).

Here, the Court finds that service was not properly effected on Cambrian under California law and therefore under Rule 4 because plaintiffs' process server did not leave a copy of the summons and complaint at the office of Cambrian's agent for service of process. Instead, the process server left the documents with Dale Phelps, a person who is unaffiliated with Cambrian, at the offices of A&H Heating, a company that also is unaffiliated with Cambrian. Neal Decl. ¶ 7. Moreover, even after Phelps attempted to return the documents to the process server, the process server did not inquire as to whether Phelps was affiliated with Cambrian or as to the

1   actual location of Cambrian's office.  Phelps Decl. ¶ 9.  Accordingly, plaintiffs did not meet the

2   requirements of  CAL. CODE CIV. P. §§ 416.10(a) and 415.20(a).

3        The Court also finds that Cambrian did not engage in "culpable conduct" to justify

4   denying its motion to set aside the default.  The Ninth Circuit has held that  a defendant moving

5   to set aside a default "cannot be treated as culpable simply for having made a conscious choice

6   not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with

7   bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial

8   decisionmaking, or otherwise manipulate the legal process.'"  *U.S. v. Signed Personal Check No.*

9   *730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (citations omitted).  Bad faith can be

10   found "where there is no explanation of the default inconsistent with a devious, deliberate,

11   willful, or bad faith failure to respond."  *Id.*  Here, there is an explanation that is inconsistent with

12   a bad-faith failure to respond, namely that plaintiffs did not properly effect service of process on

13   Cambrian under California law and Rule 4, as discussed above.

14        Accordingly, the default entered against Cambrian is void for lack of personal jurisdiction,

15   as Cambrian was not served in accordance with Rule 4.

16   **B.       Plaintiffs' Motion for Default Judgment Must Be Denied for Lack of Personal**

17   **Jurisdiction**

18        Plaintiffs move for the entry of default judgment against Cambrian under Federal Rule of

19   Civil Procedure 55(b).  Dkt. No. 33.  Because the default entered against Cambrian is void for

20   lack of proper service, the Court cannot enter default judgment against Cambrian because it lacks

21   personal jurisdiction over Cambrian.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid

22   entering a default judgment that can later be successfully attacked as void, a court should

23   determine whether it has the power, i.e. the jurisdiction, to enter the judgment in the first place.").

24   Accordingly, Velo's motion for default judgment must be denied.

25                                **IV. CONCLUSION**

26        The Court recommends that the District Court grant the motion to set aside the default

27   entered against Cambrian, and that it deny plaintiffs' motion for default judgment for lack of

28   personal jurisdiction.  In the event the District Court adopts this report and recommendation, the

1    Court further recommends that the District Court require Cambrian to respond to Velo's operative

2    complaint within twenty-one days of the date the District Court files its order.  The parties may

3    file objections to this report and recommendation under Federal Rule of Civil Procedure 72(a)

4    within fourteen days of the date it is filed.

5              IT IS SO ORDERED.

6

7    Date: March 16, 2012

8                                                    Nathanael M. Cousins
                                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28